**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUGARDO GUERRERO-MUNOZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-72587

Agency No. A098-762-388

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Lugardo Guerrero-Munoz, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen alleging ineffective assistance of counsel.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of a motion to reopen. *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1014 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Guerrero-Munoz's motion to reopen due to his lack of prima facie eligibility for relief from removal because Guerrero-Munoz's failure to depart the United States in accordance with his grant of voluntary departure rendered him statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229c(d)(1); *see also Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006) (noting that the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the underlying relief sought). Guerrero-Munoz's related claim that the BIA incorrectly applied the law in adjudicating his motion to reopen similarly fails. *See Granados-Oseguera*, 546 F.3d at 1015 (Where a "motion to reopen [i]s filed after the period for voluntary departure ha[s] elapsed," the BIA is "not simply correct to deny the motion; it [i]s compelled to do so by the operation of 8 U.S.C. § 1229c(d)(1).").

The BIA did not improperly decline to consider Guerrero-Munoz's claim that his former attorneys ineffectively prepared his case, because this issue was immaterial to the disposition of his request for reopening. *See INS v. Bagamasbad*,

429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, to the extent Guerrero-Munoz now argues that his noncompliance with his grant of voluntary departure was attributable to the ineffective legal advice of his second former attorney, we lack jurisdiction to consider this contention because Guerrero-Munoz did not exhaust his administrative remedies with respect to this claim. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**